IN RE: FISERV, INC.
SHAREHOLDER DERIVATIVE LITIGATION

Lead Case No.: 2:25-cv-001951

This Order Relates to: ALL ACTIONS

## ORDER GRANTING MOTION TO CONSOLIDATE AND TO SET BRIEFING SCHEDULE FOR LEAD COUNSEL

Three plaintiffs have filed shareholder derivative suits against the Board of Directors for Fiserv Inc. (*See Martin v. Bisignano*, Case No. 25-cv-1951; *Silva v. Bisignano*, Case No. 26-cv-0134; *Peterson v. Lyons*, Case No. 26-0183 (collectively, the "Related Actions").) Fiserv is a nominal Defendant and a global provider of transaction processing software for banks and retail merchants. (*Martin*, Case No. 25-cv-1951, ECF No. 1 ¶2.) Plaintiffs maintain that Fiserv's Board made false statements about one of its products, Clover, that artificially inflated the share price of Fiserv stock and then took advantage of material, non-public information to engage in insider trading. (*Id.* ¶¶3–9.) These lawsuits followed.

Plaintiffs in the Related Actions now jointly move to consolidate the actions, as well as any that may be filed in the future. (*Id.*, ECF No. 6; *Silva*, Case No. 26-cv-0134, ECF No. 10; *Peterson*, Case No. 26-0183, ECF No. 4.) Plaintiffs also move to set a briefing schedule for the submission of motions for leadership of Plaintiffs' counsel. (*Martin*, Case No. 25-cv-1951, ECF No. 6.) Defendants do not oppose consolidation and take no position on the proposed briefing schedule. (*Silva*, Case No. 26-0134, ECF No. 10 at 2.) Because the cases involve common questions of law and fact and consolidation will promote judicial efficiency, the motion to consolidate will be granted. The Court will also issue the schedule proposed by the parties for briefing: opening briefs in support of any motion for appointment of lead counsel must be filed on or before **June 1, 2026** and briefs in response must on or before **June 8, 2026**.

Consolidation is appropriate here. Under Rule 42(a)(2), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" Fed. R. Civ. P. 42(a)(2). This Court enjoys "substantial discretion" in deciding whether and to what extent to grant a request for consolidation. *Hall v. Hall*, 584 U.S. 59, 77 (2018). Under this Court's local rules, a motion to consolidate "must be decided by the judge to whom the lowest numbered case is assigned." Civ. L.R. 42(a) (E.D. Wis. 2010).

The actions pending before the Court each seek to certify a nationwide class action against the same defendant for substantially similar violations of law arising from the same set of underlying facts. None of the cases has progressed beyond the others. Consolidation will, therefore, conserve resources and eliminate the risk of inconsistent rulings. For these reasons, this Court will grant the motion to consolidate and designate *Martin v. Bisignano*, Case No. 25-cv-1951, as the lead case for the consolidated proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Martin's motion to consolidate the Related Actions is **GRANTED**. The Related Actions shall be consolidated pursuant to Federal Rule of Civil Procedure 42(a) and Civil Local Rule 42(a). The Clerk is directed to designate *Martin v. Bisignano*, Case No. 25-cv-1951, as the lead case for the consolidated proceedings and to administratively close the remaining actions.

**IT IS FURTHER ORDERED** that pursuant to Civil Local Rule 42(b), all filings in the consolidated proceedings shall be filed in Case No. 25-cv-1951 and shall reflect the consolidated caption from this order.

**IT IS FURTHER ORDERED** that the case file for the consolidated proceedings will be maintained under Case No. 25-cv-1951. When a filing is intended to apply to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the consolidated caption. When a filing is not intended to apply to all actions, the docket number for each individual action to which the filing is intended to apply and the last name of the first named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the consolidated caption.

**IT IS FURTHER ORDERED** that upon the filing of any additional case in this District arising out of the same facts and raising the same or similar legal issues, any party to the

consolidated proceedings may file a notice of related action in the lead case, whereupon the Court will direct the Clerk to add the newly filed case to the consolidated proceedings. Such consolidation will be without prejudice to the rights of the parties thereto to thereafter move for deconsolidation of a particular action by showing why that action should not be consolidated under Rule 42 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Defendants waive service of the Summons and Complaints in the Related Actions (to the extent that service has not yet been perfected on any Defendant) and any defense based upon the sufficiency of service of process, provided, however, that no other defense to the claims in the Related Actions is prejudiced or waived by the execution of, agreement to, or filing of this stipulation, or by the agreement to accept service in the Related Actions. Defendants need not respond to the complaints filed in the Related Actions or any other complaint now pending before, or later filed in, remanded to, or transferred to, this Court which arises out of the same or similar allegations as contained in the Related Actions.

**IT IS FURTHER ORDERED** that Opening briefs in support of any motions for appointment of lead counsel shall be filed on or before **June 1, 2026** and briefs in response shall be filed on or before **June 8, 2026**.

**IT IS FURTHER ORDERED** that within thirty days (30) days after issuance of an order appointing lead counsel, lead counsel and counsel for Defendants shall meet and confer regarding scheduling and any other matters, and thereafter file a joint status report to the Court within ten (10) days thereafter.

Dated at Milwaukee, Wisconsin on May 18, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge