UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN RE: FISERV, INC.
SHAREHOLDER DERIVATIVE LITIGATION

Lead Case No.: 2:25-cv-001951

This Order Relates to: ALL ACTIONS

## ORDER APPOINTING CO-LEAD COUNSEL AND STAYING CASE

Three plaintiffs have filed shareholder derivative suits against the Fiserv Inc. Board of Directors. (*See Martin v. Bisignano*, Case No. 25-cv-1951; *Silva v. Bisignano*, Case No. 26-cv-0134; *Peterson v. Lyons*, Case No. 26-cv-0183 (collectively, the "Related Actions").) Fiserv is a nominal Defendant and a global provider of transaction processing software for banks and retail merchants. (*Martin*, Case No. 25-cv-1951, ECF No. 1 ¶2.) Plaintiffs maintain that the Board members made false statements about one of its products, Clover, that artificially inflated the share price of Fiserv stock and then took advantage of material, non-public information to engage in insider trading. (*Id.* ¶¶3–9.) These lawsuits followed.

On June 1, 2026, Plaintiffs filed a stipulation appointing co-lead counsel and an executive committee and requesting a stay of the case. (ECF No. 16.) The parties explain that two related securities class actions have been transferred to the Southern District of New York, consolidated, and are now subject to a pending motion to dismiss. (*Id.* at 3–4.) The parties ask the Court to stay the case pending resolution of the motion to dismiss, dismissal, or settlement in the securities class action. (*Id.* at 4.) The parties provide that they will submit a proposed scheduling for resuming proceedings within fourteen (14) days of the earlier of the final resolution of the motion to dismiss the securities class action or an announcement of settlement or dismissal of the securities class action. (*Id.* at 6.)

The Court will approve the stipulation. Accordingly,

**IT IS HEREBY ORDERED** that:

1.      Robbins LLP and Rigrodsky Law, P.A. are hereby designated as Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action.

2. The Schall Law Firm is hereby designated as a member of the Plaintiffs' Executive Committee in the Consolidated Derivative Action and shall support the prosecution of the Consolidated Derivative Action under the direction and supervision of Co-Lead Counsel. Brian J. Schall, Andrew J. Brown, and Adam L. Rosen of The Schall Law Firm agree to serve on the Executive Committee and to support the leadership of Co-Lead Counsel.

3. Co-Lead Counsel shall represent Plaintiffs in the prosecution of the Consolidated Derivative Action, determine and present to the Court and opposing parties the positions of Plaintiffs on all matters arising during pretrial proceedings, delegate and monitor the work performed by Plaintiffs' attorneys to ensure that there is no duplication of effort or unnecessary expense, coordinate on behalf of Plaintiffs the initiation and conduct of discovery proceedings, have the authority to negotiate matters with Defendants' counsel, and perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or as may be authorized by further order of the Court. Defendants' counsel may rely on all agreements made with Co-Lead Counsel, or any other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

**IT IS FURTHER ORDERED** that:

5. This Order is without prejudice to any and all defenses which Defendants may assert in this or any of the above-referenced actions, and without prejudice to any and all claims Plaintiffs may assert.

6. Defendants need not respond to the complaints filed in the Related Actions until the stay is lifted, as provided herein.

7. All proceedings and deadlines in the Consolidated Derivative Action, including (but not limited to) the filing of pleadings, motion practice, and any discovery, as well as all applicable case management and alternative dispute resolution deadlines, whether by Court order, the Federal Rules of Civil Procedure, the Civil Local Rules of the Eastern District of Wisconsin, or otherwise, shall be stayed and no deadline shall be imposed until the earlier of: (i) the final resolution of the motion to dismiss in the Securities Class Action; or (ii) an announcement of settlement or dismissal of the Securities Class Action. Defendants shall not be required to respond in any way to any complaint or amended complaint in the Consolidated Derivative Action (or in the underlying Related Actions) during the pendency of the stay.

8. Within fourteen (14) days of the earlier of (i) the final resolution of the motion to dismiss in the Securities Class Action; or (ii) an announcement of settlement or dismissal of the Securities Class Action, the Parties shall meet and confer, and if the Securities Class Action is proceeding, submit to the Court a proposed schedule for resuming proceedings in the Consolidated Derivative Action, including dates by which Plaintiffs must file an amended complaint (if not already amended pursuant to paragraph 13 below), if any, and a date by which Defendants must answer, move against, or otherwise respond to the operative complaint, and any associated briefing schedules.

9. Following entry of this Order, Defendants shall promptly notify Co-Lead Counsel of any related derivative lawsuits involving Fiserv, Inc. ("Related Derivative Action") and of any demands pursuant to Wis. Stat. §180.1602 or other applicable law thereafter filed or made by Fiserv stockholders that arise from the same operative facts, or allege claims substantially similar to those alleged in the Consolidated Derivative Action.

10. If any Related Derivative Action is not subject to a similar stay, with a duration that is the same or longer as the stay in the Consolidated Derivative Action, Plaintiffs shall have the option to terminate the stay. Such option may only be exercised, however, after defendants in the Related Derivative Action at issue have been afforded a reasonable opportunity to seek a commensurate stay, and defendants either decline to seek such a stay or are unsuccessful in moving for or stipulating to such a stay, and effective no earlier than the date that such Related Derivative Action is not stayed or no longer stayed. In the event Plaintiffs elect to terminate the stay of the Consolidated Derivative Action, Plaintiffs shall provide twenty-one (21) days' advance notice of such election to counsel for Defendants via e-mail. Within fourteen (14) days after the notice of termination, the Parties shall meet and confer and submit to the Court a proposed schedule for resuming proceedings in the Consolidated Derivative Action (or any application to extend the stay), including dates by which Plaintiffs must file an amended complaint (if not already amended pursuant to paragraph 13 below) and a date by which Defendants must answer, move against, or otherwise respond to the amended complaint, and any associated briefing and case management schedules.

11. If, during the pendency of the stay, Fiserv provides: (a) copies of books and records to a stockholder in response to a demand pursuant to Wis. Stat. §180.1602 or other applicable law ("Books and Records Documents") relating to the subject matter of the Consolidated Derivative

Action; (b) documents in any Related Derivative Action; or (c) documents in connection with any mediation or settlement discussions in the Securities Class Action or in any Related Derivative Action, then Fiserv will also produce copies of such documents to Plaintiffs, subject to Plaintiffs' entry into an appropriate confidentiality agreement. Because the Securities Class Action is subject to a mandatory discovery stay pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3)(B), Plaintiffs agree not to share any documents provided pursuant to this Paragraph 11, with plaintiffs in the Securities Class Action or any other action. Notwithstanding the pendency of the stay, in the event a Related Derivative Action based on Books and Records Documents is filed, Plaintiffs may file an amended complaint, although Defendants are under no obligation to respond to any amended complaint during the pendency of the stay. To the extent any such amended complaint is based on information derived from Books and Records Documents produced to Plaintiffs prior to the lifting of the Securities Class Action discovery stay, Plaintiffs agree that references to such information will be filed under seal pursuant to applicable court rules and that all Books and Records Documents produced to Plaintiffs are incorporated by reference in their entirety in any such amended complaint. Nothing herein is intended to abrogate the Parties' obligation to file confidential documents under seal irrespective of the stay.

12. In the event that a party-scheduled mediation or Court-ordered settlement conference is held in an effort to settle the Securities Class Action during the stay, counsel for Defendants shall provide Co-Lead Counsel with reasonable advance notice and shall invite Plaintiffs to participate (subject to Defendants seeking permission from that court and/or other parties to the mediation and/or settlement conference, as well as any applicable insurers). In the event that Plaintiffs are not permitted to attend such mediation and/or settlement conference, Defendants will make a good-faith effort to mediate separately with Plaintiffs at or around the same time. Defendants shall inform Plaintiffs promptly upon the scheduling of any mediation with any other plaintiffs in a Related Derivative Action and shall include Plaintiffs in any such mediation (subject to Defendants seeking permission from that court and/or other parties to the mediation, as well as any applicable insurers).

13. Notwithstanding the stay, Plaintiffs may file an amended complaint during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to any complaint or amended complaint during the pendency of the stay.

14.     This Order shall apply to each action arising out of the same transactions and occurrences as the Related Actions that is subsequently filed in, remanded to, or transferred to this Court.  Co-Lead Counsel shall assist the Court by calling to its attention the filing or transfer of any such action and shall ensure that counsel in any such subsequent action receive notice of this Stipulation and Order.  Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Derivative Action shall apply to all later-filed shareholder derivative actions consolidated herein.

Dated at Milwaukee, Wisconsin on June 3, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge